J-S44037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                               :           PENNSYLVANIA
                               :

              v.                   :
                               :
                               :

ABDEL ANDERSON-MYLES         :
                               :

           Appellant       :    No. 2891 EDA 2023

Appeal from the PCRA Order Entered October 10, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003553-2015

BEFORE:  NICHOLS, J., MURRAY, J., and LANE, J.

JUDGMENT ORDER BY LANE, J.:            **FILED APRIL 8, 2025**

Abdel Anderson-Myles ("Anderson-Myles") appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We remand for the preparation of a supplemental Pa.R.A.P. 1925(a) opinion.

The certified record in this matter reflects the following.  Following a non-jury trial, the trial court convicted Anderson-Myles of rape and related charges, arising from the sexual assault of a minor, A.P., he met on Instagram.  The court imposed an aggregate sentence of thirteen to twenty-six years' imprisonment, followed by five years' probation.  The court also

---

[1] **See** 42 Pa.C.S.A §§ 9541-9546.

found Anderson-Myles was a sexually violent predator under the Pennsylvania Sex Offender Registration and Notification Act.[2]

Anderson-Myles filed a notice of appeal, and this Court affirmed his judgment of sentence. *See Commonwealth v. Anderson-Myles*, 241 A.3d 361 (Pa. Super. 2020) (unpublished memorandum). He did not file a petition for allowance of appeal in our Supreme Court.

On October 14, 2021, Anderson-Myles filed the underlying timely PCRA petition, raising ineffectiveness claims based on his trial counsel's alleged failure to: (1) request A.P.'s rape kit results and conduct other pre-trial investigation; (2) effectively cross-examine A.P.; (3) present alleged exculpatory messages sent by A.P.; and (4) call Anderson-Myles' stepfather as a witness. On April 26, 2022, Anderson-Myles filed a motion for post-conviction DNA testing pursuant to the PCRA.

The PCRA court held evidentiary hearings on April 27 and June 28, 2022. On January 17, 2023, the court entered orders dismissing Anderson-Myles' PCRA petition and motion for post-conviction DNA testing. Two weeks later, the court entered an order vacating both its January 17, 2023 orders.

The PCRA court held an additional evidentiary hearing on February 27, 2023. On May 8, 2023, the court entered an order granting Anderson-Myles' motion for DNA testing and ordering a comparison of Anderson-Myles' DNA to an unknown individual's DNA that appeared on an anal swab taken from A.P.

---

[2] 42 Pa.C.S.A. §§ 9799.10-9799.75.

The resultant testing revealed that Anderson-Myles' DNA ***matched*** that of the unknown individual. He did not file a subsequent petition based on these DNA results, as permitted under 42 Pa.C.S.A. § 9543.1(f). The court issued Pa.R.Crim.P. 907 notice of intent to dismiss Anderson-Myles' request for PCRA relief without addressing the remaining issues in his PCRA petition. On October 10, 2023, the PCRA court entered an order dismissing the petition.

Anderson-Myles filed a timely notice of appeal. The PCRA court issued an order directing him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Anderson-Myles filed a concise statement, raising seven issues.

On March 6, 2023, the PCRA court filed a Rule 1925(a) opinion, in which it solely addressed Anderson-Myles' claim that the court erred by not holding an evidentiary hearing concerning the DNA test results. ***See*** Rule 1925(b) Concise Statement, 11/20/23, at ¶ 6. The PCRA court did not address in its opinion the other issues Anderson-Myles raised in his concise statement, and the court's reasons for dismissing his PCRA petition do not appear in the record.

Therefore, we remand for the PCRA court to prepare, within thirty days of this order, a supplemental Rule 1925(a) opinion addressing the merits of the remaining issues raised by Anderson-Myles in his concise statement. Upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case remanded with instructions. Jurisdiction retained.